Ryan H. Crosner, CA Bar No. 278418
ryan.crosner@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone:   213-239-9800
Facsimile:   213-239-9012

Madeleine K. Lee CA Bar No. 258520
madeleine.lee@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendants
ServiceLink NLS, LLC; and
ServiceLink Holdings, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DANIEL RINSCH, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SERVICELINK NLS, LLC, a Limited Liability Company; SERVICELINK HOLDINGS, LLC, a Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>[*Filed concurrently herewith Certificate of Interested Parties; Civil Cover Sheet; Corporate Disclosure Statement; and Declaration of Alan Pair*]<br><br>Complaint Filed: June 2, 2022<br>Trial Date:        None Set<br>District Judge:    Hon. TBD<br>Magistrate Judge: Hon. TBD |

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendants SERVICELINK NLS, LLC and SERVICELINK HOLDINGS, LLC (collectively referred to as "Defendants"), petition the Court to remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. sections 1332(d), 1441(a), 1446, and 1453. Removal is proper for the reasons explained below.

## TIMELINESS OF REMOVAL

1.     On June 2, 2020, Plaintiff Daniel Rinsch filed a putative Class Action Complaint ("Complaint") against SERVICELINK NLS, LLC and SERVICELINK HOLDINGS, LLC.   *See* Declaration of Alan Pair ("Pair Decl.") ¶ 4, Ex. A ("Complaint").  Plaintiff served the Complaint on July 25, 2022, and July 26, 2022, on SERVICELINK NLS, LLC and SERVICELINK HOLDINGS, LLC respectively. (Pair Decl. ¶ 5).  Pursuant to 28 U.S.C. section 1446(a), a true and correct copy of any and all process, pleadings and orders served upon Defendants are attached as Pair Decl. ¶ 6, Ex. B, filed concurrently herewith.  This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendants have removed this action within 30 days of being served.

## GROUNDS FOR REMOVAL

2.     The Superior Court of California for the County of Los Angeles is located within the Central District of California, Western Division.  Therefore, the action is properly removed pursuant to 28 U.S.C. section 84(d) because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

Case No. Pending
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

3.      Plaintiff's claims as alleged in the Complaint are removable under 28 U.S.C. section 1332(d).

4.      Under the CAFA, a Federal District Court has jurisdiction if

(a)      There are at least 100 class members in all proposed plaintiff classes; and

(b)      The combined claims of all class members exceed $5 million exclusive of interest and costs; and

(c)      Any class member (named or not) is a citizen of a different state than any defendant.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453(a).

5.      In *Dart Cherokee Basin Operating Co. v. Owens*, 132 S. Ct. 547 (2014), the U.S. Supreme Court provided significant clarification to the standards applicable to notices of removal in CAFA cases, establishing a much more liberal standard in favor of removing defendants.  In *Dart Cherokee*, the U.S. Supreme Court held that a removal must only contain "a short and plain statement of the grounds for removal." *Id.* at 553 (quoting 28 U.S.C. § 1446(a)).  The Court noted that this same language is used for the pleading standard in Rule 8(a) of the Federal Rules of Civil Procedure. *Id.*  The use of this language in the removal statute was intentional—clearly indicating that courts should apply the same liberal pleading standards to notices of removal as they should to plaintiffs' complaints and other pleadings.  *Id.*  The Court further held that a removing defendant need not submit evidence with its pleading that establishes that the elements of federal subject matter jurisdiction are met.  *Id.* at 552-53.  Only if the court or another party challenges jurisdiction should the court require a removing defendant to prove, under the applicable "preponderance" standard, that the jurisdictional requirements are met.  *Id.* at 553-54.  The Court summarized its holding as follows:  "[i]n sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

defendant's allegation." *Id.* at 554.  Also, there is no "presumption against removal" in CAFA cases, because CAFA was specifically enacted by Congress "to facilitate adjudication of certain class actions in federal court." *Id.*

6.     More recently, in *Jauregui v. Roadrunner Transportation Services, Inc.*, 28 F. 4th 989, 993 (9th Cir. 2022), the Ninth Circuit emphasized that at this stage of the litigation, a "defendant is being asked to use the plaintiff's complaint – much of which it presumably disagrees with – to estimate an amount in controversy."  The Ninth Circuit thus made clear that "at this early stage of the litigation, the removing party must be able to rely 'on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million' as long as the reasoning and underlying assumptions are reasonable." *Id.*

**A.     Plaintiff Brings This Case As A Class Action Against Defendants**

7.     Plaintiff's Complaint is titled "CLASS ACTION."  (*See* Complaint, Caption.)

8.     Plaintiff's Complaint brings the following causes of action on behalf of the putative classes:  (1) Failure to Provide Meal Periods [Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197]; (2) Failure to Provide Rest Periods [Cal. Labor Code §§ 226.7, 512]; (3) Failure to Pay Overtime Wages [Cal. Labor Code §§ 510, 1194; (4) Failure to Pay Minimum Wages [Cal. Labor Code §§ 1194, 1197]; (5) Failure to Pay All Wages Due to Discharged and Quitting Employees [Cal. Labor Code §§ 201, 202, 203]; (6) Failure to Reimburse Business Expenses [Cal. Labor Code § 2802]; and (7) Unlawful Business Practices [Business & Professions Code section 17200, *et seq.*]. (Complaint ¶ 38); (8) Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226].

9.     Defendants deny any liability in this case, as to Plaintiff's individual, and class claims, and will present compelling defenses to these claims on the merits. Defendants intend to oppose class certification.  Defendants expressly reserve all

rights in this regard. However, for purposes of the jurisdictional requirements for removal only, Defendants note that, as set forth in more detail below, the allegations in Plaintiff's Complaint that he seeks to represent all individuals who worked for ServiceLink NLS, LLC and/or ServiceLink Holdings, LLC in California as an Appraiser and who were classified as independent contractors (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint (Complaint ¶ 11) from June 2, 2018, to judgment, puts in controversy an amount that exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6).

**B.    There Are More Than 100 Members In The Proposed Class**

10.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if, in addition to the other requirements of § 1332(d), the action involves a putative class of at least 100 persons.  Plaintiff alleges that this action is brought on behalf of all individuals who worked for ServiceLink NLS, LLC and/or ServiceLink Holdings, LLC in California as an Appraiser and who were classified as independent contractors (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint (Complaint ¶ 11) from June 2, 2018 to judgment. On January 15, 2016, Plaintiff entered into a Trade Vendor Acknowledgement and Agreement ("Vendor Agreement") with ServiceLink NLS, LLC acknowledging and agreeing that he is performing services as an independent contractor.  (Pair Decl. ¶ 8.) Based on a review of ServiceLink NLS, LLC's records, ServiceLink NLS, LLC entered into similar agreements with  approximately 806 appraisers/businesses who performed services as independent contractors in California from June 2, 2018, to the present, for ServiceLink NLS, LLC. (Pair Decl. ¶ 9.) Although Defendants deny that class treatment is appropriate, there can be no question that, should Plaintiff's proposed class be certified, it would consist of far more than 100 members.

4    Case No. Pending

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

## C.     <u>Defendants Are Citizens of Different States Than Plaintiff</u>

11.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if, in addition to the other requirements of § 1332(d), a member of the class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

12.     A person is a "citizen" of the state in which he/she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

13.     The Complaint states that Plaintiff "resides in this County (Los Angeles County)". (Complaint ¶ 43.)[1] Further, as an appraiser, Plaintiff is required to maintain a license with the Bureau of Real Estate Appraisers. Plaintiff's license details, which are effective as of August 12, 2022, specify that his current address is in Los Angeles County. *See* https://www2.brea.ca.gov/breasearch/faces/party/view.xhtml?id=28030 (last visited Aug. 18, 2022). As such, Plaintiff is a citizen of California.

14.     A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant ServiceLink NLS, LLC is a Delaware limited liability company with its principal place of business in Pennsylvania and is a direct, wholly-owned subsidiary of ServiceLink Holdings, LLC. (Pair Decl. ¶ 2.) ServiceLink Holdings, LLC is a Delaware limited liability company with its principal place of business in Florida and is a direct, wholly-owned subsidiary of ServiceLink Holdings, Inc. (*Id.* ¶ 3.)

15.     Defendants' "principal place of business," which the Supreme Court has interpreted to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities" (*Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010); 28 U.S.C. § 1332(c)(1)) are in Pennsylvania – for ServiceLink NLS – and Florida – for ServiceLink Holdings, LLC. Thus, Defendants are citizens of

---

[1] In alleging that the requirements of CAFA are satisfied, Defendants do not concede in any way the allegations in the Complaint are true and accurate.

Case No. Pending

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

Pennsylvania and Florida – not California, and there is accordingly diversity of citizenship under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A); *Hertz*, 130 S. Ct. at 1192; *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1230 n.2 (9th Cir. 2011). Moreover, because Defendants are not citizens of California, the exceptions to CAFA jurisdiction under 28 U.S.C.§ 1332(d)(3) and (d)(4) are inapplicable.

### D.      The Amount In Controversy Exceeds $5 Million

16.      Based on Plaintiff's allegations in the Complaint and other evidence collected by Defendants, the aggregate value of the claims of the proposed plaintiff class exceeds the $5 million threshold needed to establish federal jurisdiction under the Class Action Fairness Act. The $5 million jurisdictional minimum may be based on aggregation of the claims of all potential class members. 28 U.S.C. § 1132(d)(6).

17.      With respect to CAFA's $5,000,000 threshold for the "amount in controversy," it is not the same as the amount ultimately recovered. *Lara v. Trimac Transp. Servs. Inc.*, 2010 WL 3119366, Case No. 3:19-cv-04592-JCS, at *3 (C.D. Cal. Aug. 6, 2010). Rather, in assessing the amount in controversy, a court must "assume that all the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiffs on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by Plaintiffs' Complaint, not what Defendants will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005). In other words, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). "The amount in controversy is determined by the universe of what the Plaintiff puts at-issue in the complaint." *Schiller v. David's Bridal, In*c., 2010 WL 2793650, at *6 (E.D. Cal. July 14, 2010).

18.    To establish the amount in controversy, a defendant "need not concede liability for the entire amount," and it is error for a district court to require such a showing.  *Lewis*, 627 F.3d at 400; *see also Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (stating that "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint," and that the court may also consider summary-judgment-type evidence relevant to the amount in controversy at the time of removal) (citations omitted).

19.    Further, a defendant's assumptions in an amount in controversy calculation do not require actual proof, but rather it need only show "reasonable grounds" for the assumptions.  *Arias v. v. Residence Inn*, 936 F.3d 920, 927 (9th Cir. 2019).  Defendants' estimate of the amount-in-controversy, as set forth below, is conservative in nature as it relies on conservative assumptions as to the frequency of the overtime pay, meal period, rest break, and wage statement violations alleged in the Complaint.

20.    As shown below, the evidence shows that Plaintiff's causes of action place more than $5 million in controversy.

### 1.    Waiting Time Penalties

21.    Plaintiff alleges that "The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not tendered payment of overtime wages, to these employees who actually worked overtime, as required by law."  Plaintiff alleges that "Therefore, as provided by Cal Lab. Code §203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has ended, PLAINTIFF demands up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law." (Complaint ¶¶ 100, 101.)

22. The statute of limitations for penalties under California Labor Code § 203 is three years. *See* Cal. Civ. Proc. Code § 338(a).

23. Defendants do not track the dates that appraisers/businesses who entered into Vendor Agreements cease performing appraisals. For purposes of this Notice of Removal, Defendants have identified those appraisers who entered into a Vendor Agreement and did not perform an appraisal after May 1, 2022. ServiceLink NLS, LLC considers those appraisers to have ceased conducting appraisals for purposes of determining the amount in controversy for Plaintiff's waiting time penalties cause of action. The total number of putative class members who have not performed appraisals with Defendants since May 1, 2022, is approximately 352. (Pair Decl. ¶ 10.) Accordingly, based on the allegations of the Complaint that Defendants failed to pay wages at separation and that Plaintiff and the putative class members are entitled to statutory penalties, every putative class member who stopped working during the relevant time period is entitled to 30 days' continuation of wages as a penalty under California Labor Code section 203. *See Quintana v. Claire's Stores, Inc.*, 2013 WL 1736671, *4-6 (N.D. Cal. 2013) ("As to the waiting time claims, the court finds that Defendants' calculations" of thirty-days of waiting time penalties for each putative class member terminated during the statute of limitations "are supported by Plaintiff's allegations and are a reasonable estimate of the potential value of the claims."). On average, Defendants estimate that appraisers completed one work order per 8-hour work day. (Pair Decl. ¶ 11.) From June 2, 2019, through July 31, 2022, ServiceLink NLS, LLC and ServiceLink Holdings, LLC contracted and completed 137,009 work orders with more than 694 putative class members. (Pair Decl. ¶ 12.) The Average Fee per order for those entities in that period was $410.81 or $51.35/hr in an 8-hour work day. (*Id*.)

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

24.    Thus, according to Plaintiff's allegation that Defendants willfully failed to pay as provided by Cal Lab. Code § 203, Plaintiff demands up to thirty days of pay. Plaintiff contends that former putative class members are entitled to recover at least **$4,338,154.00**: calculated as follows: ($51.35/hr x 8-hour work day x 30 days waiting time penalty x 352 putative class members who have not performed appraisals for Defendants since May 1, 2022).

## 2.    Wage Statements

25.    California Labor Code section 226(a) states that every employer shall furnish his or her employees an accurate itemized wage statement in writing showing nine specific categories of information.

26.    Plaintiff seeks penalties under California Labor Code section 226(e) for failure to provide accurate itemized wage statements.  (Complaint ¶¶ 38 (b) & Prayer at 3C.) The applicable penalty is fifty dollars for the initial pay period in which a violation occurs, and one hundred dollars for each violation in a subsequent pay period, up to a maximum aggregate penalty of four thousand dollars per employee. Cal. Lab. Code § 226(e)(1). Plaintiff alleges that "DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by: Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the members of the CALIFORNIA SUB-CLASS who were improperly classified as independent contractors with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee." (Complaint ¶ 38 (b) (emphasis added).)

27.    California Labor Code section 226(e) provides for the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) for each subsequent pay period. The applicable statute of limitations is one year.  Cal. Code Civ. Proc. §340(a).

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

28.    Defendants identified that ServiceLink NLS, LLC issued a total of approximately 38,536 payments to 516 appraisers in California between June 2, 2021, and July 31, 2022.  (Pair Decl. ¶ 13.)  Calculating a penalty of $50 for the first alleged violation and $100 for each alleged subsequent violation with a cap of $4,000 in penalties per appraiser during the applicable period, Plaintiff and the putative class members seek **$1,283,150** in penalties for their wage statement allegations.  Utilizing an alleged violation rate of 100% is proper here because Plaintiff has alleged a 226 violation that occurred on every or for every wage statement that would have been issued.

### 3.    Unpaid Meal and Rest Premiums

29.    Plaintiff alleges that "During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code."  (Complaint ¶ 83.)  Plaintiff further alleges that Defendants failed to compensate "PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided."  (Complaint ¶ 84.)

30.    Plaintiff also alleges that Defendant "Violat[ed] Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks…" And that Defendants failed to pay "one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided."  (Complaint ¶¶ 38, 88.)

31.    Defendants deny that any such violations occurred or that compensation is owed to Plaintiff or putative class members.  However, for purposes of this jurisdictional analysis *only*, Defendants rely on Plaintiff's allegation that violations

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

occurred and compensation is owed.  *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look to the complaint."); *Heejin Lim v. Helio, LLC*, No. CV 11-9183 PSG, 2012 WL 359304, at *2 (C.D. Cal. Feb. 2, 2012) ("The ultimate inquiry is, therefore, what amount is put 'in controversy' by the plaintiff's complaint or other papers, not what the defendant will actually owe for the actual number of violations that occurred, if any.") (citations omitted).

32.    Under California law, employees who are denied the opportunity to take proper meal and rest periods are entitled to one hour of premium pay for each day that a meal period is missed and one hour of premium pay for each day that a rest period is missed, *i.e.*, two hours of premium pay for each day that both a meal and rest period are missed.  *See Marlo v. United Parcel Service, Inc.*, 2009 WL 1258491, *7 (C.D. Cal. 2009).  Meal and rest period claims are properly considered in determining the amount in controversy.  *See Muniz v. Pilot Travel Ctr. LLC,* 2007 WL 1302504, *4 (E.D. Cal. 2007); *Helm v. Alderwoods Group, Inc.*, 2008 WL 2002511, *8 (N.D. Cal. 2008).

33.    The statute of limitations for a claim seeking premium wages for failure to provide legally required meal periods and rest breaks is three years.  Cal. Lab. Code § 203; Cal. Civ. Proc. § 338.  This statute of limitations is extended to four years where, as here, the Complaint includes a claim for Unfair Business Practices under Bus. & Prof. Code § 17200.  Accordingly, the measure of potential damages for meal and rest break claims is based on a four-year limitations period.

34.    Numerous courts have held that a conservative estimate is proper when the complaint does not provide the number of alleged meal and rest period violations at issue.  *See Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648-649 (9th Cir. 2012) (finding that the amount in controversy was satisfied based on an estimate of one meal break and one rest break per week because Plaintiff alleged that defendants "regularly and consistently" failed to provide proper breaks); *Jasso v. Money Mart*

11

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

*Express, Inc*., No. 11-CV-5500 YGR, 2012 WL 699465, at *5 (N.D. Cal. Mar. 1, 2012) (accepting defendant's "reasonable and conservative estimate" of one missed meal break and one missed rest break per week); *Long v. Destination Maternity Corp*, No. 15-CV-2836 WQH, 2016 WL 1604968, at *8 (S.D. Cal. April 21, 2016) ("Because Plaintiff does not include fact-specific allegations regarding the circumstances of the alleged missed meal and rest periods, it is reasonable for Defendant to estimate damages sought based on one meal period or rest period violation per employee per week.").

35.    During the period of June 2, 2018, to July 31, 2022, ServiceLink NLS, LLC had approximately 806 appraisers in California within the putative class who worked approximately 35,189 total work weeks (175,947 work orders/5 days) during that period.  (Pair Decl. ¶ 14.)  The Average Fee per order for those entities in that period was $387.11 or $48.39/hr in an 8-hour work day. (*Id*.)  If, on average, the putative class members missed only one meal break per work week, the amount in controversy with respect to this claim would be **$1,702,815.07** ($48.39 x 1 meal period x 35,189 work weeks.) (Complaint ¶¶ 9, 15.)

36.    A conservative estimate is unnecessary for Plaintiff rest period claim, as he alleges that Defendants denied him and the putative class members rest breaks "periodically," *i.e*., daily.[2]  Nevertheless, if, on average, the putative class members missed only one rest break per work week, the amount in controversy with respect to this claim would be **$1,702,815.07** ($48.39 x 1 rest period x 35,189 work weeks.)

---

[2] *See Stevenson v. Dollar Tree Stores, Inc*., 2011 WL 4928753, *3-4 (E.D. Cal. 2011) (defendant's calculation of potential missed meal period damages at 100% of the shifts was appropriate where plaintiff alleged that class members were routinely denied meal periods or were not compensated for meal periods.); *Duberry v. J. Crew Grp., Inc*., No. 14-CV-08810 SVW, 2015 WL 4575018, at *1, 6 (C.D. Cal. July 28, 2015) (applying a 70% violation rate but finding allegations were "sufficient to ground an assumed 100% violation rate" where Plaintiff alleged defendant engaged in a "uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees," which included a failure to pay for "missed meal periods and rest breaks in violation of California law").

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

37.    Therefore, based on Plaintiff's allegations, the amount placed in controversy on his meal and rest period claims is in excess of **$3,405,630.13**.

### 4.    Unpaid Overtime

38.    Labor Code § 510 provides that any work in excess of eight hours in a workday or 40 hours in a workweek shall be compensated at one and one-half times an employee's regular rate of pay. Labor Code § 1194 (a) provides "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation…"

39.    Plaintiff alleges that "During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members overtime wages for the time they worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 & 1198, even though PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members were regularly required, permitted or suffered by DEFENDANT to work, overtime that DEFENDANT never recorded as evidenced by DEFENDANT's business records and witnessed by DEFENDANT's employees." (Complaint ¶ 77.)   Plaintiff also alleges that Defendants "acted and continues to act intentionally, oppressively, maliciously toward PLAINTIFF." (Complaint ¶ 81.)  In addition to unpaid overtime, Plaintiff seeks liquidated damages under Section 1194.2.  (Complaint, Prayer for Relief, at 38:21-22.)

40.    Defendants deny that they failed to pay overtime wages to Plaintiff or the putative class members. However, because Plaintiff has alleged a failure to pay overtime wages, the Court should apply to the amount in controversy requirement an extremely conservative assumption of one hour of unpaid overtime wages during each pay period.  (Complaint ¶ 25.)  *See, e.g., Soto v. Grief Packaging*, LLC, 2018 WL 1224425, *3 (C.D. Cal. Mar. 8, 2018) (finding it reasonable to assume one hour of

13                                           Case No. Pending

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

unpaid wages per employee per workweek where plaintiff alleged that defendant failed to pay him and the class members for all hours worked on a consistent and regular basis"); *Reyes v. Carehouse Healthcare Center, LLC*, 2017 WL 2869499, *4 (C.D. Cal. July 5, 2017) (defendant's estimate of one hour of unpaid overtime wages per workweek was reasonable where plaintiff alleged that defendants engaged in a "regular practice of willfully, unfairly and unlawfully" depriving plaintiff and the class members of compensation).

41.    The statute of limitations for a claim seeking wages for failure to pay overtime wage for all hours worked is three years.  Cal. Lab. Code § 203; Cal. Civ. Proc. § 338.  This statute of limitations is extended to four years when, as here, the Complaint includes a claim for Unfair Business Practices under Bus. & Prof. Code section 17200.

42.    Estimating conservatively, the amount in controversy for Plaintiff's unpaid overtime claim is in excess of **$2,554,222.60** ($48.39 x 1 hour x 1.5 x 35,189 work weeks.)

**5.    Plaintiff's Prayer for Attorneys' Fees**

43.    Plaintiff seeks attorneys' fees on behalf of the putative class for the work prosecuting each of the eight causes of action.  (Complaint, Prayer for Relief, at 39:2-4.)

44.    Attorneys' fees are properly included in the amount in controversy.  *See, Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007) (statutorily-mandated attorneys' fees are properly included in the amount in controversy for CAFA jurisdiction purposes); *see also, Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees may properly be included in calculation of the amount of controversy where an underlying statute authorizes an award of attorneys' fees).

45.    Although there is no *per se* rule that the amount of attorneys' fees in controversy in class actions is 25 percent of all other alleged recovery, *Fritsch v. Swift*

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

*Transp. Co. of Ariz. LLC*, 899 F.3d 785, 796 (9th Cir. 2018), courts routinely grant attorneys' fees awards that range from 25% to 33% of the settlement or verdict amount. *See, e.g., Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."); *In re Activision Securities Litigation*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) (awarding 30% attorneys' fee award and compiling cases where range of attorneys' fee award ranged between 25% and more than 40%).

46.    Accordingly, including attorneys' fees of 25% is reasonable when calculating the amount in controversy.  "[T]he benchmark need only be adjusted when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Cortez v. United Natural Foods, Inc.*, No. 18-CV-04603-BLF, 2019 WL 955001, *7 (N.D. Cal. Feb. 27, 2019) (internal quotation marks and citation omitted); *see also Ramirez v. Benihana National Corp.*, No. 3:18-cv-05575-MMC, 2019 WL 131843, *2 (N.D. Cal. Jan. 8, 2019) (applying 25% benchmark post-*Fritsch* because no factors "reflect a departure from such benchmark is warranted").  No such adjustment is needed in a "typical wage and hour class action to which courts in this Circuit would likely apply the 25% benchmark rate." *Cortez,* 2019 WL 955001 at *7.  Indeed, "[w]hen including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate." *Garcia v. Lifetime Brands, Inc.*, No. EDCV 15-1924-JLS (SPx), 2016 WL 81473, *4, n. 2 (C.D. Cal. Jan. 7, 2016); *accord Ramos v. Schenker, Inc.*, No. 5:18- cv-01551-JLS-KK, 2018 WL 5779978, *3 (C.D. Cal. Nov. 1, 2018).

47.    Accordingly, assuming the low-end 25% figure reflected in the case law, a reasonable and conservative assumption for purposes of establishing the amount-in-controversy, attorneys' fees in this matter would amount to at least 25% of the unpaid wages and penalties sought, which, as detailed above, amount to $11,581,156.73 [$4,338,154 + $1,283,150 + $3,405,630.13 + $2,554,222.60].  Plaintiff's prayer for

Case No. Pending

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

attorney's fees therefore adds at least **$2,895,289.18** (25% of $11,581,156.73) to the amount-in-controversy.

### 6.    Summary of Amount in Controversy

48.    In light of the foregoing, Plaintiff's allegations establish an amount in controversy well in excess of the jurisdictional minimum of $5 million for purposes of removal under CAFA.[3]    The minimum amount in controversy is summarized as follows:

| Causes of Action | Amount in Controversy |
|---|---|
| Waiting Time Penalties | $4,338,154.00 |
| Wage Statements | $1,283,150.00 |
| Failure to Provide meal and rest breaks | $3,405,630.13 |
| Failure to pay overtime | $2,554,222.60 |
| Attorneys' Fees | $2,895,289.18 |
| | |
| Total: | **$14,476,445.91** |

Consequently, the amount placed in controversy by Plaintiff's claims exceeds the $5,000,000 jurisdictional threshold of 28 U.S.C. § 1332(d).

---

[3] Plaintiff also seeks restitution of wages under his claim for violation of Business & Professions Code section 17200 and reimbursement of business expenses.  Complaint ¶¶ 21, 22, 27, 28, 44-61, 90-93.  Although including these amounts would substantially increase the amount in controversy, in an effort to be conservative, Defendants will omit these amounts from the estimate.  Should the Court or opposing counsel request additional information, evidence and/or calculations to demonstrate that this Action places at least $5 million in controversy, Defendants reserve the right to refine the methodologies used here and calculate the amount-in-controversy with greater precision, which may significantly increase the result.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446

**E.** **This Removal Satisfies The Procedural Requirements Of 28 U.S.C. § 1446**

49.    In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending.  The Los Angeles County Superior Court is located within the Central District of California.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

50.    In accordance with 28 U.S.C. § 1146(a), copies of all process, pleadings, and orders served upon Defendants are attached as Exhibits to this Notice.

51.    In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Los Angeles.  Notice of Compliance shall be filed promptly afterwards with this Court.

52.    As required by Federal Rule of Civil Procedure 7.1, Defendants concurrently filed their Certificate of Interested Parties.

**CONCLUSION**

53.    This Court, therefore, has original jurisdiction over Plaintiff's claims by virtue of the Class Action Fairness Act 28 U.S.C. § 1332(d)(2). This action is thus properly removable to federal court pursuant to 28 U.S.C. § 1441. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that the Court issue an Order to Show Cause so that Defendants may have the opportunity to more fully brief the basis for this removal.

1     WHEREFORE, Defendants remove this action to this Court.

2

3

4    DATED:  August 23, 2022                OGLETREE, DEAKINS, NASH, SMOAK &
                                            STEWART, P.C.
5

6

7                                           By: */s/ Madeleine K. Lee*
                                               Ryan H. Crosner
8                                              Madeleine K. Lee
                                               Attorneys for Defendants
9                                              ServiceLink NLS, LLC; and
                                               ServiceLink Holdings, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446